

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Sidney Latham
Secretary of State
Austin, Texas

Dear Sir:

Attention:  Mr. Horace B. Sessions

Opinion No.  O-5946
Re:  Can a permit be issued for
the sale of the increased
capital stock under the
same provisions of the law
providing for the sale of
pre-organization certificates
or receipts (Section 7, Art-
icle 600a, Vernon's Texas
Statutes)?

Your request for an opinion on the above matter has been re-
ceived and carefully considered.  We quote your request as follows:

"The writer is in receipt of the following request involving an
interpretation of the Texas Securities Act, particularly Section 7:

"'The client of mine, a corporation, desires to increase
its capital stock by the issuance of preferred stock of the
par value of $100 per share.  Its present capital stock,
which will not be changed or disturbed, has a $10 par value.
The proposal is to increase the capital stock by providing
for the issuance of $100 preferred stock, and to sell the
$100 preferred stock at $300 per share.  The privileges at-
tached to the preferred will be such as to make it what my
clients believe to be an attractive investment.  The proposal
is for the stockholders to authorize the increase in the
capital stock, and the directors to certify the increase as
provided by statute.  An application would then be filed
with you for a permit to sell this stock under the provisions
of the Securities Act, which provides for a pre-organization
sale of certificates or receipts.

"'Without asking you to pass upon any fact questions in-
volved, as those must necessarily be determined when you
have all the facts before you, I would like to know your
position as a matter of law on the following:

"'1.  Can a permit be issued for the sale of
the increased capital stock under the
same provisions of the law providing
for the sale of preorganization certif-
icates or receipts (Section 7 of Article
600-a- Vernon's Texas Statutes)?

"'2.  Is there any legal reason why $100 par
value stock should not be sold at $300
per share?'

"The writer has been unable to fine any opinion rendered by your
department or any court decisions bearing on this question, and I,
therefore, respectfully request that your office favor us with an opin-
ion in this matter."

Section 7 of Article 600 a reads as follows:

"Sec. 7.  In the event any dealer as defined herein shall sell
or offer for sale any preorganization certificate or receipts, or shall
in any manner solicit subscriptions to or in any proposed corporation,
trust or joint stock company proposed to be formed, the Secretary of
State may require, if he deems it necessary to protect the interest of
prospective subscribers or certificate holders, the dealer so offering
such securities for sale to deposit all moneys and funds received from
the sale thereof, except such amounts thereof as the Secretary of State
may have under this Act allowed as preorganization expenses and commis-
sions for the sale of such security, to be deposited in a trust account
in some bank or trust company doing business in the State of Texas,
until such time as such proposed company shall have sold the minimum
amount of capital to authorize it to begin business in Texas, at which
time the bank or trust company shall transfer such funds to the pro-
posed corporation and its executive officers for the purpose of permit-
ting it to undertake its business.  In the event such proposed company
as herein defined shall fail within two (2) years to sell the minimum
amount of capital necessary for the beginning of business in Texas,
the bank or trust company shall return to the subscribers that portion
of the funds that had been deposited under such preorganization agree-
ment.  At the time of making the deposits, as herein provided for, the
dealer or issuer shall furnish to such bank or trust company the names
of the persons purchasing or sub scribing for such securities, and the
amount of money paid in by each.

"The total expenses, including organization expenses and all com-
missions paid to salesmen of any proposed company, as herein defined,
shall not exceed twenty (20) per cent of the total amount of capital
sought to be employed in such proposed company."

In our opinion, the above quoted law applies only to the sale of
preorganization certificates and receipts and subscriptions to or in

proposed corporations, trust or joint stock companies, and that a permit can not be issued for the sale of increased capital stock thereunder. Therefore, question No. 1 is answered in the negative.

Question No. 2 is also answered in the negative, but this holding is qualified by the statement that, in our opinion, the sale of stock for $300.00 per share the par value of which is only $100 per share would be subject to The Securities Act (Article 600a).

Trusting that this satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Jas. W. Bassett
    Jas. W. Bassett
        Assistant

JWB/pw/wc

APPROVED APRIL 5, 1944
 s/Geo. P. Blackburn
ACTING ATTORNEY GENERAL
OF TEXAS

Approved Opinion Committee By BWB Chairman